MARTHA PALMER, Respondent, *v.* HELEN C. PALMER et al., Appellants.

1. MARRIAGE — DOWER. In an action for the admeasurement of dower, in the absence of proof that a husband did not know his first wife was living when he married a second time, that fact will not be presumed upon the ground that otherwise he would be guilty of crime, when, if such presumption were to obtain, he would be guilty of crime in contracting a third marriage.

2. CONFLICTING PRESUMPTIONS. Where there are conflicting presumptions of unequal weight, the stronger will prevail, and the presumption which has the least probability to sustain it must yield to the more probable one.

*Palmer* v. *Palmer*, 27 App. Div. 632, affirmed.

(Argued January 19, 1900; decided February 27, 1900.)

APPEAL from a final judgment of the Supreme Court, entered August 3, 1898, upon an order of the Appellate Division of the Supreme Court in the third judicial department, affirming an interlocutory judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Richard H. Thurston* for appellants. At the time Morris W. Palmer married Alice C. Huff, his first wife, Sarah F. Swayze, had absented herself for the space of five years without being known to be living during that time, and such second marriage was voidable only, and for all purposes was valid until its nullity should be pronounced by a court of competent authority. (2 R. S. 139, §§ 5, 6; *White* v. *Lowe*, 1 Redf. 376; *Valleau* v. *Valleau*, 6 Paige, 207; *Price* v. *Price*, 124 N. Y. 589; *Cropsey* v. *McKinney*, 30 Barb. 54; *Griffin* v. *Banks*, 24 How. Pr. 213; *Fordham* v. *Gouverneur Village*, 5 App. Div. 565; *Jones* v. *Zoller*, 29 Hun, 551; 32 Hun, 280.) The presumption is that at the time Morris W. Palmer was married to Alice C. Huff, his first wife had absented herself for the space of five years without being known to him to be living during that time. (*Valleau* v. *Valleau*, 6 Paige, 207; *Starr* v. *Peck*, 1 Hill, 270; *Willson* v. *Betts*, 4 Den. 201; *Hoffman* v. *Hoffman*, 6 App. Div. 84; *People* v. *Pease*, 27 N. Y. 45.)

*George McCann* for respondent. There is no evidence in the case that Morris Palmer ever made an inquiry, or that he had any reason to believe his first wife to be dead, when he married a second time, and such facts will not be presumed. (*McCarter* v. *Camel*, 1 Barb. Ch. 463; *Jones* v. *Zoller*, 32 Hun, 280; *Cropsey* v. *McKinney*, 30 Barb. 47; *Alixanian* v. *Alixanian*, 28 Misc. Rep. 638; *Spicer* v. *Spicer*, 16 Abb. Pr. [N. S.] 112; *Price* v. *Price*, 124 N. Y. 589; *Safford* v. *Safford*, 31 Abb. [N. C.] 73; *Smith* v. *Woodworth*, 44 Barb. 196; *Amory* v. *Amory*, 6 Robt. 514; *Blossom* v. *Barrett*, 37 N. Y. 434.)

MARTIN, J. This action was for the admeasurement of dower. The only question presented is whether the plaintiff was the widow of Morris W. Palmer who died seized of the real estate

in question.   In February, 1874, he married Sárah F. Swayze, with whom he lived and cohabited for about a year, when they separated, he continuing his residence in or near the city of Elmira, while his wife lived in the village of Canandaigua, seventy-nine miles distant.   August 10, 1889, he married Alice C. Huff, and in September, 1890, he paid her two hundred dollars, in consideration of which she gave him a general release from any and all liability for her support or otherwise.   He married the plaintiff January 1, 1896, and lived and cohabited with her until his death which occurred October 24, 1896.   Subsequently to his second marriage, and in October of that year, he commenced an action against his first wife for an absolute divorce, which resulted in a judgment in his favor, entered December 6, 1889.

The finding of the trial court to the effect that the decedent's second wife had no relations and never saw or had any communication with him after September 3, 1890, is not justified by the evidence, but the contrary is plainly established. Therefore, in the further discussion of this case, we must consider the questions involved as though there was no finding to that effect.   That finding is, however, unimportant in our view of the case.

The appellants contend that the plaintiff's marriage was void, for the reason that the decedent was lawfully married to his second wife, and that the relation of husband and wife existed between them at the time of the plaintiff's marriage. The undisputed proof is to the contrary.   The appellants' argument is based solely upon the theory that, although at that time the decedent had a wife living, yet, the second marriage was valid because his first wife had left him more than five years previous to his second marriage and there was no direct evidence that he had heard from her or knew she was living during that time. . . Upon these facts it is claimed that, under the statute, the marriage to the second wife was void only when its nullity was pronounced by a court of competent jurisdiction, and that not having been adjudged void it was valid and rendered the marriage of the plaintiff unlawful.

There is no evidence that the decedent did not know that his first wife was living when the second marriage occurred, and the circumstances indicate that he probably knew that fact.

This appeal is based solely upon the ground that the presumption is that the decedent had no knowledge that his first wife was living when the second marriage occurred, because if he had, the latter would have been bigamous and the law will presume that he was not guilty of a crime. While many cases are cited by the appellants to the effect that crime will not be presumed, an examination of them will disclose that the questions involved were essentially different from those involved in the case at bar, and arose under very different facts and circumstances. In this case, if the presumption contended for is to obtain, it follows that the third marriage was bigamous. If no such presumption arises, then it is manifest that under the proof the second marriage was void and the third is valid. Where there are conflicting presumptions of unequal weight, as that of the continuance of life and that of innocence of crime, the stronger will prevail. (*The King* v. *Twyning*, 2 B. & A. 386.) But in this case, as the conflicting presumptions are equal and each involves the commission of a crime, we are of the opinion that they neutralize each other and no effect should be given to either. Still, if that conclusion is incorrect, and the presumption which has the least probability to sustain it must yield to the more probable one (*Clayton* v. *Wardell*, 4 N. Y. 230), the same result is reached. The proof in this case is meagre, yet sufficient to indicate a much stronger probability that the third marriage was valid than that the second was lawful.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT and VANN, JJ., concur; BARTLETT and LANDON, JJ., not sitting.

Judgment affirmed.