(88 Misc. Rep. 304)

### FAGIN v. FAGIN.

#### (Supreme Court, Trial Term, Kings County. December, 1914.)

MARRIAGE (§ 60*)—ACTION TO ANNUL—EVIDENCE OF PRIOR MARRIAGE.
 Where plaintiff, in an action to annul his marriage to defendant on the ground that defendant's former husband was living at the time of the marriage, merely proves the prior marriage and rests upon the presumption of continuance of the fact, the complaint must be dismissed.
 [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. § 60.*]

Action by Isidor Fagin against Golde Fagin to annul a marriage. Complaint dismissed.

Isaac Siegmeister, of Brooklyn, for plaintiff.
Joseph H. Rose, of Brooklyn, for defendant.

KAPPER, J. The plaintiff seeks to annul his marriage to the defendant upon the ground that her former husband was living at the time. He has proven some facts, chiefly by way of admissions by the defendant, from which it might be found that the defendant had been previously married in Russia, but when was not made to appear. Be-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

yond that proof the plaintiff does not go. He neither proves the existence of the former husband, nor that the former marriage was not legally dissolved.

The plaintiff invokes the rule that a state of facts once proved to exist is presumed to continue, and argues that this requires a finding that the former husband was living at the time of the later marriage. The argument is at war with the presumption of innocence of the commission by the defendant of the crimes of adultery and bigamy. It likewise wars with the presumption of the legality of the marriage. Of the cases in this state wherein the subject has been discussed, none presented the question in a direct action of annulment, although it appeared necessary to determine the validity of the marriages. Palmer v. Palmer, 162 N. Y. 130, 56 N. E. 501; Matter of Meehan, 150 App. Div. 681, 135 N. Y. Supp. 723; Matter of Hamilton, 76 Hun, 200, 27 N. Y. Supp. 813; Matter of Grande, 80 Misc. Rep. 450, 141 N. Y. Supp. 535. There are numerous decisions in other jurisdictions to the effect that, if necessary to support the legality of the second marriage, it will be presumed, in the absence of evidence to the contrary, that the first marriage had been legally dissolved. See same cited in Matter of Meehan, supra, 150 App. Div. 683, 135 N. Y. Supp. 723. And the cases are not wanting where the presumption of the death of the former spouse was indulged in to sustain the validity of the second marriage, although there had not been such period of absence or lack of knowledge of the existence of the former spouse as to give rise to the presumption of death from lapse of years. See cases cited in 26 Cyc. 881; Murchison v. Green, 128 Ga. 339, 57 S. E. 709, 11 L. R. A. (N. S.) 702.

Of the conflicting presumptions presented at bar, the one of continuance of a pre-existent state of facts should, in my opinion, give way to the presumptions of innocence and legality of marriage. In Palmer v. Palmer, supra, it was said by Judge Martin (at page 133 of 162 N. Y., at page 502 of 56 N. E.) that:

"Where there are conflicting presumptions of unequal weight, as that of the continuance of life and that of innocence of crime, the stronger will prevail."

In support of this view, Judge Martin cites King v. Twyning, 2 Barn. & Ald. 386. In that case the holding of the court appears to be well stated in the syllabus, as follows:

"The law always presumes against the commission of crime; and therefore where a woman, 12 months after her first husband was last heard of, married a second husband, and had children by him, held, on appeal, that the sessions did right in presuming prima facie that the first husband was dead at the time of the second marriage, and that it was incumbent on the party objecting to the second marriage to give some proof that the first husband was then alive."

The approval by the Court of Appeals of the doctrine of the English case, as to the survival of the presumption of innocence of crime as the stronger presumption, decides the case at bar. By simply proving the prior marriage and resting upon the presumption of continuance, the plaintiff has failed in his action, and his complaint must be dismissed, but not upon the merits.

Complaint dismissed.