Matter of the Probate of the Last Will and Testament of HARRY SALVIN, Deceased.

(Surrogate's Court, Kings County, January, 1919.)

Evidence — admissibility of — wills — presumption in favor of validity of second marriage.

Upon a proceeding for the probate of a will evidence of the declarations of the testator made in the absence of the proposed intervenor claiming to be his widow and inconsistent with a matrimonial relation between them, is admissible.

Where the validity of a second marriage is assailed upon an allegation that one of the parties thereto was a party to an earlier marriage, the presumption is in favor of the validity of the second marriage.

Where the *factum* of the second marriage is established and there is a failure of proof sufficient to overcome the presumption in favor of its validity, the proposed intervenor will be declared the lawful widow of the deceased and will be allowed to intervene in the proceeding.

Surrogate's Court, Kings County, January, 1919.   [Vol. 106.

PROCEEDING upon the probate of a will.

Begg, Begg & Begg (Roderick Begg, of counsel), for Blanche Salvin, proposed intervenor.

Max E. Lehman, for contestants.

KETCHAM, S. The proof amply justifies the finding that the proposed intervenor was married to the decedent and is his widow, unless the proponents of the will offered in this proceeding have affirmatively shown that such marriage is invalid.

Evidence of declarations by the decedent, made in the absence of the proposed intervenor and inconsistent with a matrimonial relation between her and himself, was properly admitted, and is regarded in the conclusions of the court.

Where the validity of a second marriage is assailed upon the allegation that one of the parties thereto was a party to an earlier marriage, the presumption is in favor of the validity of the second marriage, and its invalidity cannot be found unless the parties holding the burden of establishing it, complete a chain of evidence which will not only demonstrate the fact and the validity of the earlier marriage and its subsistence at the time of the later marriage, but will aggressively exclude every indication or suggestion which might conceivably rescue the second marriage from invalidity.

It is erroneously argued by the proponents of the will that the presumption and rules of procedure and decision hereinbefore set forth apply only to a case in which the legitimacy of offspring of the second marriage is involved. *Matter of Biersack,* 96 Misc. Rep. 161, affd., 179 App. Div. 916; motion for leave to appeal to the Court of Appeals denied by the Appel-

late Division, 179 App. Div. 931, and by the Chief Judge of the Court of Appeals. And see cases cited in opinion of surrogate; *Palmer* v. *Palmer*, 162 N. Y. 131; *Fagin* v. *Fagin*, 88 Misc. Rep. 304; *Allerton* v. *Allerton*, 104 id. 627; *Wilson* v. *Burnett*, 105 id. 279.

The factum of the second marriage being found in the case at bar, there is a complete failure of the proponents of the will to make proof sufficient to overcome the presumption in favor of the validity of such marriage.

The proposed intervenor is declared to be the true and lawful widow of the decedent, and as such she is allowed to intervene in this proceeding.

Decreed accordingly.