In the Matter of the Application for Letters of Administration of the Goods, Chattels and Credits of ROBERT F. HAFNER, Deceased.

Surrogate's Court, Bronx County, December, 1923 (Received January, 1924).

Executors and administrators — husband and wife — separation — when letters of administration will be granted to second wife of decedent.

Where upon an application for letters of administration the petitioner fails to establish that her marriage to decedent was still in effect when he contracted a second marriage, the latter must be deemed valid and the letters will be granted to the second wife as the one entitled thereto, with costs payable out of the estate.

APPLICATION for letters of administration.

*Ernest E. L. Hammer*, for petitioner.

*Leonard Klein*, for contestant.

SCHULZ, S.  The uncontradicted evidence in this matter is that the marriage relation existed between the decedent and Harriet Hafner, the petitioner, and that it began in or about the year 1896, and I so hold. It follows that the issue of such marriage is legitimate.

It also appears, without contradiction, that the decedent and his wife Harriet had separated and were living apart prior to the former's death, and that in the year 1914 a ceremonial marriage was contracted by the decedent with one Sadie Hafner who, so far

as the evidence discloses, had no knowledge whatsoever of the prior marriage of the decedent. She has interposed objections to the granting of letters of administration to the petitioner and filed a petition in which she asks that letters be granted to her.

Harriet Hafner was in court during the entire hearing and no evidence was offered to show that the marriage which had existed between her and the decedent was still in force and effect.

Counsel urge that it should not be assumed that the decedent committed a crime when he entered into the marriage with Sadie Hafner, but that there is a presumption of its legality and of the termination of the marriage theretofore existing. There appears to be authority for such contention. *Fagin* v. *Fagin*, 88 Misc. Rep. 304; *Matter of Biersack*, 96 id. 161, affd., 179 App. Div. 916.

In *Matter of Tompkins*, 207 App. Div. 166, the Appellate Division of the first department by a divided court held that the presumption of the validity of a marriage is sufficiently strong to cast the burden of showing its invalidity upon those who attack it (citing *Hines* v. *McDermott*, 81 N. Y. 451, 458; *Price* v. *Tompkins*, 108 Misc. Rep. 263, 272; affd., 190 App. Div. 967), and that because no proof was submitted that one of the parties to a prior marriage was alive, the petitioner, whose proceeding was based upon the alleged illegality of a later marriage, had failed in his proof. The court also quoted from *Hunter* v. *Hunter*, 111 Cal. 261, 267, as follows: " Rather than hold a second marriage invalid and that the parties have committed a crime or been guilty of immorality, the courts have often indulged in the presumption of death in less than seven years, or, where the absent party was shown to be alive, have allowed a presumption that the absent party has procured a divorce. A more correct statement perhaps would be that the burden is cast upon the party asserting guilt or immorality to prove the negative,— that the first marriage had not ended before the second marriage."

Under these authorities and without expressing my own views in the matter, the petitioner having failed to establish that the decedent's marriage to her was still in effect when the second marriage was contracted, the latter must be deemed valid. It follows that Sadie Hafner is the widow of the decedent and entitled to letters of administration. Her application is, therefore, granted and that of Harriet Hafner denied, with costs to the successful party to be taxed and paid out of the estate.

Settle decision and decree accordingly.

Decreed accordingly.