### LIVE STOCK NAT. BANK OF CHICAGO v. UNITED STATES et al.

#### No. 6801.

Circuit Court of Appeals, Seventh Circuit.
June 30, 1939.

Rehearing Denied Sept. 19, 1939.

Stephen A. Cross, of Chicago, Ill. (Kenneth B. Kirk, of Chicago, Ill., of counsel), for appellant.

William J. Campbell, U. S. Atty., of Chicago, Ill., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Scegmiller, Atty., Department of Justice, of Washington, D. C., for appellees.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from the judgment of the United States District Court rendered in a suit by plaintiff, administrator of the estate of Joseph Zoke, deceased, to recover benefits under a policy of war risk term insurance. The policy matured by reason of the death of the insured on May 27, 1918, while in military service and during the life of the policy. The complaint alleged that Mary Benchick Kostecka was the named beneficiary of the insurance and claims an interest therein; and for that reason she was named as a party defendant.

In answer the United States pleaded (1) that the insured was survived by no person entitled to take the insurance benefits and, consequently, that the proceeds escheated to the United States;[1] and (2) that plaintiff's right to sue was barred by the statute of limitations.

The defendant, Mary Benchick Kostecka, filed no answer, although she ap-

---

[1] " * * * In cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation." Section 303 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 514.

peared as a witness. The case was tried to the Court with jury waived and the judgment was "That the plaintiff, The Live Stock National Bank of Chicago, Administrator of the Estate of Joseph Zoke, deceased, take nothing * * * (and) that the defendant United States of America, go hence without day." The judgment made no reference to Mary Benchick Kostecka.

In support of its contention that the action is barred by the statute of limitations the defendant urges (1) that the communication by the Live Stock National Bank of June 3, 1931, in the capacity of conservator of Margaret Benchick, cannot serve as a claim for the Bank as administrator of the estate of Joseph Zoke, deceased; and (2) that if a claim was filed June 3, 1931, the same was denied August 13, 1931, and, therefore, suit was barred long before July 13, 1936, the date of its filing.

Section 19 of the World War Veterans' Act, as amended[2] authorizes commencement of suit within six years from the happening of the contingency upon which the claim is founded, or within one year from July 3, 1930, whichever is the later date. The section further provides that the running of the period of limitation is suspended during the pendency of the claim.

Plaintiff insists that the letter of June 3, 1931, was a claim for insurance benefits and, for purposes of suit thereon, inures to the benefit of anyone entitled to or claiming an interest therein. In view of the reasoning and holding of this Court in Coffey v. United States[3] we are of the opinion that the instant suit, which was filed by the Live Stock National Bank as administrator of the estate of Joseph Zoke, deceased, to recover insurance benefits claimed under Zoke's policy of insurance, was a "suit upon the claim" filed by the same bank June 3, 1931, as conservator of Margaret Benchick, since such claim showed "an intention to claim insurance benefits" (Section 19, Veterans' Act) and the plaintiff, as administrator, still represents, in fact, any interest which Margaret Benchick may have in the proceeds of the insurance as an heir of the insured.[4]

From our examination of the correspondence respecting the claim to benefits we conclude that there was no "denial" by the administrator, or by someone authorized to act for him, prior to June 25, 1936. The letter from the Director of Insurance of August 13, 1931, which defendant insists constituted a denial of the claim of June 3, 1931, contains the following: "It has been determined that the illegitimate child of this soldier is not an heir at law by the law of the state in which the soldier established his last legal residence and accordingly, the insurance involved cannot be paid as suggested in your letter. It would, therefore, appear that the only remedy would be by resort to the courts." If it were clear that "by resort to the courts" the Director meant that claimant's only remedy was to bring suit on the claim in the proper court, the letter should be construed as a denial of the claim. But claimant assumed that the letter meant that no further consideration would be given to the claimed heirship unless such heirship should be established by court proceedings.

In accordance with the foregoing assumption suit was instituted in a state court in Ohio for the purpose of establishing a common law marriage between the veteran and the mother of Margaret Zoke. The suit was prosecuted by Mary Benchick Zoke as plaintiff against the Stock Yards Trust and Savings Bank, administrator of the estate of Joseph Zoke, deceased. The Ohio court found that Joseph Zoke lived with the plaintiff in Mahoning County, Ohio, as husband and wife and "that to the community at large he held her out as his lawful wife." The court adjudicated and decreed "that the union of plaintiff and deceased was one of marriage recognized in the state of Ohio and for all purposes and intent." The foregoing judgment was entered the 20th day of December, 1932, and immediately thereafter a copy of the decree was submitted to the Veterans' Administration. The Director of Insurance acknowledged receipt of the copy of the decree in January, 1933, and stated that "this evidence is being given proper consideration and as soon as final decision is rendered you will be fully advised in regard to same." In the same communication the Director requested that the administrator of the estate of Joseph Zoke send a certified copy of letters of ad-

---

[2] 38 U.S.C.A. § 445.

[3] 7 Cir., 97 F.2d 762, 117 A.L.R. 940.

[4] See United States v. Townsend, 4 Cir., 81 F.2d 1013; United States v. Powell, 4 Cir., 93 F.2d 788; Marsh v. United States, 4 Cir., 97 F.2d 327; Cable v. United States, 7 Cir., 104 F.2d 541, May 25, 1939.

ministration. The request was complied with and in February, 1933, the Director of Insurance acknowledged receipt of the certified copy of letters of administration and stated that action on the insurance was "pending a legal decision" and that further information in due course of business in reference to the insurance would be supplied.

The record contains considerable correspondence between the attorney for the plaintiff and the Veterans' Administration. In some of the letters from the Veterans' Administration it was insisted that there had been a final denial of the claim but other letters indicated that the claim was still being considered. As late as May 19, 1936, attorney for claimant addressed a letter to the Solicitor of the United States Veterans' Administration asking for "a final administrative denial" of the claim, on which there could be no question of the right to bring suit in the United States District Court to determine the question of heirship and thereby settle the question of escheat. A reply was received from the Solicitor in which the Solicitor stated that the determination of the sufficiency of the denial rested with the Department of Justice and ultimately with "the court in which the suit may be instituted." On June 13, 1936, the atttorney for claimant addressed a letter to the chairman of the Board of Veterans' Appeals requesting an appeal in order to obtain a final decision on which suit might be filed; and on June 19, 1936, acknowledgement of the foregoing communication was made by the Director of Insurance who stated that "the insurance feature is receiving further consideration to determine the procedure to be followed in order that a final decision may be made." The Director further stated that the attorney would be fully advised at an early date. On June 25, 1936, the Solicitor of the Veterans' Administration wrote to the attorney stating that it was the opinion of the Veterans' Administration that a sufficient denial of the claim had been made "both as to the designated beneficiary and as to the administrator of the estate." The Solicitor's communication contained the further statement that "there is nothing to be said in amplification of the position which the Veterans' Administration maintains as to this claim."

In view of the foregoing correspondence we are of the opinion that an effective denial of the claim to insurance benefits under the policy of the deceased was not made prior to the communication of June 25, 1936. Consequently, the instant suit which was filed July 13, 1936, was within the statutory period as extended by the pendency of the claim.

As stated above, this suit was instituted by the plaintiff, The Live Stock National Bank of Chicago, administrator of the estate of Joseph Zoke, deceased; but the plaintiff made Mary Benchick Kostecka a party defendant and asked the court to determine "the right of the respective parties in said insurance." This was proper in view of Section 19 of the World War Veterans' Act which provides that, all persons who claim to have an interest may be made parties to such suit. No answer was filed on behalf of Mary Kostecka and she was not named in the judgment of the court. She was present in court and testified as a witness and the findings and conclusions of law are adverse to any claim of interest on her part.

It clearly appears from the evidence which was before the court that the liability of the United States Government on the policy of insurance turns upon the validity of the alleged common law marriage of Joseph Zoke and Mary Benchick in 1916. If there was no common law marriage, no valid claim exists since Mary Benchick Kostecka, although named as beneficiary in the policy, was not a member of the allowable class of beneficiaries, and Margaret, the child of Mary, could not take since she was not named as a beneficiary and could not qualify as an heir of Zoke either under the law of Ohio or Illinois. On the other hand, if the marriage was valid Mary Benchick Kostecka was entitled to the proceeds of the policy as named beneficiary, and in either event neither the plaintiff administrator nor Margaret would have any claim.

Plaintiff-appellant urges that this Court dispose of all questions relating to the claims of Mary Benchick Kostecka and Margaret Benchick as well as of the plaintiff administrator. Under Section 19 of the World War Veterans' Act all persons having or claiming to have an interest in the insurance in question should be made parties to the suit and the interests of all should be determined. In accordance with the foregoing the plaintiff made Mary Benchick Kostecka a party defendant; and although the latter did not file an answer, it is clear from the record that she was considered a party and the court's findings

and conclusions of law were directed to, and were adverse to, her interests. The court stated as conclusions of law "that no common law marriage existed between Joseph Zoke and Mary Benchick;" and "that Mary Benchick is not a person within the permitted class of beneficiaries entitled to be designated, and to receive insurance under the World War Veterans' Act as amended." But there is no judgment for or against Mary Benchick Kostecka. The judgment is one in favor of the United States Government only as against the plaintiff-administrator. Furthermore, Mary Benchick has not appealed. As far as the record discloses the cause is still pending as respects Mary Benchick and subject to further proceedings. No doubt upon request properly made the District Court would enter judgment for or against Mary Benchick Kostecka, or upon a showing of sufficient cause would reopen the case for further evidence respecting the alleged common law marriage between Mary Benchick and Joseph Zoke. But as the record stands, we cannot determine finally the merits of the claim.

■ Whether a valid common law marriage exists depends upon the law of Ohio, and in view of the holding of the Supreme Court of Ohio in the case of Holtz v. Dick,[5] the evidence in the record makes a strong case for a valid common law marriage in Ohio.

■ As indicated above, the decree of the Ohio state court establishing the existence of a valid common law marriage was made in a court of competent jurisdiction and was supported by substantial evidence. The effect of the Ohio Court's adjudication cannot be avoided in a federal court merely by introducing enough evidence to satisfy the federal court that the facts did not justify the decree of the state court. The adjudication is binding unless the judgment itself was null and void. If there had been no prior adjudication by the state court of the validity of the alleged common law marriage, we could not say that the evidence before the District Court did not justify findings of fact to support a conclusion of law that no valid common law marriage was contracted. But there was no finding of fact to support a conclusion of law that the judgment of the Ohio state court was a nullity and there was no such conclusion of law stated. Indeed there was no evidence which tended to prove any facts which generally are recognized as rendering a judgment void.

■ Considering all of the evidence introduced which bears upon the relationship of Mary Benchick Kostecka and her daughter to the deceased veteran, the court's general conclusion of law "that on the law and the evidence judgment should be for the defendant" is correct as between the defendant and the plaintiff-administrator of the estate of Joseph Zoke. But the conclusions of law (1) that no common law marriage existed between Joseph Zoke and Mary Benchick and (2) that Mary Benchick is not a person within the permitted class of beneficiaries entitled to be designated, and receive insurance under the World War Veterans' Act, cannot stand since there is no finding that the judgment of the state court adjudicating the validity of the common law marriage was a nullity and the evidence would not support any such finding. Furthermore, the conclusion of law "that the claim for insurance benefits was not timely filed in accordance with the provisions of the World War Veterans' Act, as amended, and that therefore this honorable court (the District Court) has no jurisdiction", cannot stand if we are correct both in holding that there was no final denial of the claim filed June 3, 1931, until June 25, 1936, and in holding that the instant suit by the plaintiff as administrator was a suit upon the claim which was filed June 3, 1931, within the meaning of Section 19 of the Veterans' Act. Since Mary Benchick was made a party to the suit, under authority of Section 19 of the Veterans' Act, there should have been an adjudication of her interest, since it is clearly the intent of Section 19 that all questions relating to liability of the United States Government be disposed of in one suit if it is possible to get the parties before the court.

■ It is our view that the adjudication of the Ohio state court is binding on federal courts as to the validity of the alleged common law marriage unless upon proper showing the federal court finds that such adjudication is a nullity. Since that question was not squarely in issue in the trial below, and since the determination of that question will dispose of all the claims involved in the suit, we are of the opinion that the judgment should be reversed and the cause remanded for further proceedings. The judgment of the District Court is reversed.

---

[5] 42 Ohio St. 23, 51 Am.Rep. 791.