## LIVE STOCK NAT. BANK OF CHICAGO et al. v. UNITED STATES.

### No. 7386.

Circuit Court of Appeals, Seventh Circuit.

June 11, 1941.

Rehearing Denied Sept. 11, 1941.

Kenneth B. Kirk and Stephen A. Cross, both of Chicago, Ill., for appellants.

Keith L. Seegmiller, of Washington, D. C., and J. Albert Woll, U. S. Atty., of Chicago, Ill., William J. Campbell, U. S. Atty., of Chicago, Ill., and Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and William M. Lytle, all of Washington, D. C., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This is the second appeal in this case, which involves a war risk insurance policy. The decision on the prior appeal appears in 7 Cir. 106 F.2d 240. The facts there stated make a lengthy recital of them unnecessary. The appellants are the soldier's named beneficiary, Mary Benchick Kostecka, allegedly his common law wife, and the administrator of his estate.

The order appealed from denied appellants any recovery and declared an escheat of the proceeds of the policy to the United States.

Stated chronologically, the facts are:

| | |
|---|---|
| May 27, 1918 | Insured died in the army. |
| May 26, 1926 | The date on which appellant, Mary Benchick Kostecka, filed her claim with the Veterans' Bureau. |
| July 30, 1926 | Letter denying Mrs. Kostecka's claim. |
| June 3, 1931 | Stockyards Bank filed claim as guardian of Insured's daughter. |
| August 13, 1931 | Denial of claim. |
| December 20, 1932 | Ohio judgment acknowledging status of insured's and Mrs. Kostecka's common law marriage. |
| Jan. 2, 1936 | Date of letter to Stockyards Bank restating disallowance of bank's claim. |
| Jan. 31, 1936 | Live Stock Bank appealed to Administrator of Veterans' Affairs. |
| June 25, 1936 | Letter of Solicitor re Live Stock Bank in re denial of its claim. |
| July 13, 1936 | Suit of Administrator of estate filed. |
| July 15, 1938 | Date of judgment appealed from in No. 6801. |
| June 9, 1939 | Opinion of this court in No. 6801. |
| Oct. 9, 1939 | Mary B. Kostecka granted leave to intervene, in suit by administrator. |

The previous appeal disposed of certain questions which were originally in the case. It settled, by disallowance, the claim of the administrator.

If we ignore the law of the case and approach the administrator's claim anew, it seems clear that if there ever existed a valid claim against defendant, it was in favor of Mrs. Mary B. Kostecka. The Live Stock Bank, as administrator, on the record before us, has no valid claim arising out of the veteran's insurance policy. This is the holding on the previous appeal. It is, on this appeal, again so held.

What of the claim of Mrs. Mary Kostecka?

She did not appear at the previous trial, save as a witness. She was present in court but did not make any claim to insurance. Subsequently she was granted leave to intervene, and, relying upon the Ohio court adjudication asserted that she was the common law wife of the veteran and therefore his lawful widow.

Unfortunately, her claim has long since been, and now is, barred by the statute of limitations. She presented her claim in 1926. It was disallowed July 30, 1926. She never brought suit thereon.

Assuming that her intervention in the present suit is the equivalent of suit by her, we find the date of the intervention action was October 9, 1939. Her claim was then barred.

We can find no escape from this defense, —the Statute of Limitations,—unless we can say the proceeding by the administrator, which was instituted in 1931 and which resulted in its disallowance in 1936 (see previous opinion) tolled the statute for Mrs. Kostecka. The administrator's claim was not for the widow. It might be called adverse to her.

We have searched rather diligently to find a way whereby this theory might be sustained. We believe that courts should be liberal in finding and upholding an excuse for a beneficiary of a veteran's insurance, if she be a dependent of said deceased veteran, who, ignorant of her rights and the law, is slow to present his claim. However, in this case, we find Mrs. Kostecka presented her claim to the Veterans' Bureau in time. The Government was prompt in disallowing it. This was back in 1926. Acquiescence in its disallowance for thirteen years is a bar to her present effort to obtain a revival of her claim. The statute of limitations enacted by Congress is a statute for us to apply—not to rewrite.

The judgment is affirmed.