**HATFIELD v. UNITED STATES et al.**

No. 153.

Circuit Court of Appeals, Second Circuit.

April 30, 1942.

J. Gregory Bruce, of Washington, D. C. (Mathias F. Correa, U. S. Atty., and Jerome H. Doran, Asst. U. S. Atty., both of New York City, Julius C. Martin, Director, Bureau of War Risk Litigation, and Fendall Marbury and Keith L. Seegmiller, all of Washington, D. C., and Samuel M. Gold, of New York City, on the brief), for appellant.

Irwin Ira Rackoff, of New York City (Louis Nieman, of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the United States from a judgment in favor of the administrator of the estate of Lester Hatfield, deceased, for the proceeds of a policy of yearly renewal term insurance issued to the decedent in 1918 during his military service. The policy matured upon the soldier's death on January 17, 1920.[1] The action was commenced on October 7, 1936, by Howard N. Hatfield, a brother of the insured. Subsequently he was appointed administrator of the insured's estate as well as administrator of his deceased father's estate, and the petition was amended accordingly. Liability was contested on two grounds: (1) That the action was not brought within the period of limitation set forth in 38 U.S.C.A. § 445, and (2) that the insurance was not payable to the plaintiff but to the insured's widow, Hilda Hatfield. By order of the court she was made a party and served by publication (pursuant to 38 U.S.C.A. § 445) and upon failure to appear was adjudged in default. At the close of the evidence both parties moved for a directed verdict. The defendant's motion was denied, the plaintiff's granted, and judgment was entered pursuant thereto.

In our view of the case only the second of the appellant's contentions need be considered. The plaintiff's amended petition alleged that the insured designated as the beneficiary of his insurance "one Hilda Hatfield * * * hereinafter referred to as Hilda Freeman," but "no beneficiary within the permitted class" was designated by him during his lifetime or by will and he died leaving no surviving widow or child so that the proceeds of his policy became payable to his estate.[2] The defendant's answer admitted that Hilda Hatfield was the beneficiary named in the pol-

---

[1] The policy had lapsed for non-payment of the premium due on February 1, 1919 but the Act of August 9, 1921 (the substance of which appears as section 305 of the Act of June 7, 1924, 38 U.S.C.A. § 516), was regarded as effecting a revival so that the insurance was in force on the date of the insured's death.

[2] If Hilda Hatfield was the insured's wife, she would be entitled to the proceeds of the policy. If she was not his wife, she was not within the class of beneficiaries permitted by 38 U.S.C.A. § 511 and, in that event, the insurance would be payable to the insured's estate. 38 U.S.C.A. § 514.

icy and asserted upon information and belief that she is the veteran's widow and "is the lawfully designated beneficiary of his insurance." To prove the foregoing allegations of his amended petition the plaintiff put in evidence an affidavit, dated November 11, 1920, made by Hilda Hatfield McGrude which set forth the following: Her maiden name was Hilda Prentiss; in 1910 she married Alfred G. Freeman with whom she lived for one month, when he abandoned her; she had not heard from him since; there was no divorce and no children; in April 1918 she married the insured and after his death was married to one McGrude. There were also introduced by the plaintiff copies of the marriage license issued to Lester Hatfield and Hilda Prentiss and the certificate and record of their marriage on April 13, 1918; and a certificate by the assistant registrar that a search of the records of death in the Borough of the Bronx from 1911 to 1918 did not disclose the name of Alfred G. Freeman. It also appeared that letters of administration were issued to Hilda Hatfield by the Surrogate of Westchester County on August 12, 1920, and that she was removed as such administratrix in favor of the decedent's brother Howard on August 4, 1937.

The plaintiff had the burden of proving that the beneficiary named in the policy was not within the permitted class of beneficiaries, that is, that Hilda was not the legal wife of the insured. Only in that event was the plaintiff, as administrator of the veteran's estate, entitled to the proceeds of his insurance. 38 U.S.C.A. § 514. Since Hilda's first husband, Freeman, deserted her, he would not have been likely to communicate with her; consequently under New York law his absence for more than seven years without being heard from would raise no presumption that he was dead before her second marriage. Butler v. Mutual Life Ins. Co., 225 N.Y. 197, 203, 121 N.E. 758. But there is a presumption which does aid the appellant, namely, the presumption of the legality of a marriage formally celebrated. Matter of Dugro's Will, 261 App.Div. 236, 25 N.Y.S.2d 88, affirmed 287 N.Y. 51, 38 N.E.2d 706; Schouler, Marriage and Divorce, 6th Ed., § 1252. This presumption is not overcome by proof of a prior marriage, even when the second marriage occurs during the life of the first husband. Matter of Dugro's Will, supra; Matter

of Meehan's Estate, 150 App.Div. 681, 135 N.Y.S. 723. And it is not confined to cases involving the legitimacy of offspring of the second marriage. In re Salvin's Will, 106 Misc. 111, 173 N.Y.S. 897. See In re Tyrrell's Estate, 115 Misc. 714, 185 N.Y.S. 762, affirmed 198 App.Div. 1001, 190 N.Y.S. 955; Smith v. Smith, 194 App. Div. 543, 551, 185 N.Y.S. 558. As Chief Judge Cardozo said in Matter of Findlay, 253 N.Y. 1, at page 8, 170 N.E. 471, 473, " * * * the presumption will not fail unless common sense and reason are outraged by a holding that it abides." In other jurisdictions the presumption is no less strong. See 34 A.L.R. 464, 490–497. The affidavit of Hilda Hatfield was not proof that the second marriage was illegal; at best it was proof only that the affiant had no knowledge of a divorce from Freeman or of the dissolution of her marriage to Freeman in some other way. Consequently we think that the plaintiff did not overcome the presumption of the validity of Hilda's marriage to the insured and failed to prove his right to recover the proceeds of the policy for the insured's estate.

The cases above cited do not appear to rest the presumption of the validity of the second marriage upon the statutory law of New York, nor has counsel for either party referred to the statutes. It is therefore hardly necessary for us to do so, but we may say in brief that the Domestic Relations Law of 1909, Consol. Laws, c. 14, tends to support the conclusion at which we have arrived. Section 6 thereof declares: "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless * * * 3. Such husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time." Section 7, however, makes such a marriage "void from the time its nullity is declared by a court. * * *" Thus it appears that Hilda's marriage to Lester Hatfield was not void but at most voidable at the date of his death on January 17, 1920. See Price v. Price, 124 N. Y. 589, 27 N.E. 383, 12 L.R.A. 359, dealing with a similar earlier statute. By an amendment (Chap. 279, Laws of 1922) sections 6 and 7 of the Domestic Relations Law were amended to declare absolutely void a marriage contracted by a person whose husband or wife by a former marriage is living unless such former mar-

riage has been dissolved pursuant to section 7-a. But this legislation does not operate retroactively. Atkinson v. Atkinson, 207 App.Div. 660, 203 N.Y.S. 49. On the record made by the plaintiff Hilda Freeman was proved to be the widow of the insured and the lawfully designated beneficiary of his insurance.

It is true she was made a party to the plaintiff's suit, was served by publication and defaulted. But the abandonment by default of her rights to the insurance (assuming they were not barred by limitation) does not entitle the plaintiff to judgment against the defendant. Cf. Live Stock Nat. Bank v. United States, 7 Cir., 106 F.2d 240; Live Stock Nat. Bank v. United States, 7 Cir., 122 F.2d 179. The administrator must recover in his own right. This he could not do without disproving the validity of Hilda's marriage to the insured. In that he failed completely. There was no evidence which would have justified the jury in finding the marriage illegal. Accordingly the defendant's motion for a directed verdict should have been granted and the plaintiff's denied. The judgment in favor of the veteran's administrator is reversed and the action dismissed as to him. In his brief it is stated that after entry of judgment the impleaded defendant, Hilda Hatfield, appeared under the name of Hilda Creighton and moved to open her default and to vacate the judgment for the plaintiff, which motion was denied without prejudice to renewal. We express no opinion as to whether she has any rights in this action or whether it is too late for her default to be opened, in case her motion to do so shall be renewed.

Judgment reversed.