In the Matter of the Accounting of KATIE KANDLER, as Administratrix of the Estate of JACOB KANDLER, Deceased.

Surrogate's Court, Bronx County, January 27, 1947.

*Henry G. McDonough, Frank J. Durkin* and *Joseph J. Conroy* for administratrix.

*Hyman Finkelson* for Jonas Bernstein, objectant.

HENDERSON, S. This is a motion made by the brother of the decedent for leave to file amended and supplemental objections to the account of the administratrix.

It appears that on the 6th day of March, 1946, objections to such account were filed by the brother and sister of the decedent. These objections related to the payment of attorneys' fees and to the allowance of the claim of one Charles Rich.

Objections were also filed by Bella Shimkover who claimed the relationship of daughter to the decedent. This relationship was disputed by the administratrix who is the claimant's mother.

The issues raised by the various objections were referred to a referee. He has filed a report whereby he finds that Bella Shimkover was the daughter of the administratrix by a prior marriage and was not the issue of this decedent. He recommends that her objections be overruled. His report also disposes of the other objections.

The mover now seeks to file objections which would raise for the first time the issue of the legality of the marriage of the administratrix to this decedent.

The hearings before the referee terminated in June, 1946. The testimony taken by him indicates that the first spouse of the administratrix deserted her a short time prior to January, 1894, and was never seen by her again. She was later informed by her husband's sister that he had died a short time after the birth of Bella, the objectant herein.

The referee's report contains the following statement at the end thereof, to wit: "The Referee believes that although no objection was made by any of the objectants hereto, that the record of the hearings do not supply —

"1. Satisfactory proof of the death of Schertz, the first husband of the administratrix, and

"2. Satisfactory proof of the marriage of the administratrix and Jacob Kandler."

The moving papers are devoid of any statement of fact which would demonstrate the illegality of the union of the decedent and the administratrix. The affidavit of the mover merely alleges in this respect, that there was "no information, record or proof" of the death of Schertz.

The relationship of the administratrix and the decedent herein is not otherwise questioned. In fact, the decedent's sister and the mover himself, in order to prove the relationship of Bella Shimkover, testified against interest before the referee, in support of this marriage.

In brief, therefore, this motion is based simply on the referee's afore-mentioned statement as to the lack of proof of Schertz's death.

The mover seems to be unaware of the extent of his burden with respect to the issue which he seeks to raise. It is not incumbent upon the administratrix to prove that her first marriage was terminated by death or otherwise. The person attacking the validity of the second marriage has the burden of establishing its illegality since a true presumption exists in favor of its validity. The burden cast upon the mover is great. To succeed, he must eliminate every possibility of the validity of the later marriage (*Matter of Dugro*, 261 App. Div. 236, aff'd. 287 N. Y. 595; *Matter of Salvin*, 106 Misc. 111). The motion papers contain no indication that he is prepared to undertake this burden. No useful purpose would therefore be served by permitting the proposed objections to be filed.

Accordingly, the motion is denied.

Settle order.