ELSIE LEFFERTS, Respondent, *v.* HARRY M. LEFFERTS, Appellant.

First Department, March 10, 1933.

*Julius Schwartz* of counsel [*Samuel K. Goldstein* with him on the brief; *Furst, Schwartz & Schwager*, attorneys], for the appellant.

*Samuel B. Seidel* of counsel [*Solon Rosenthal*, attorney], for the respondent.

SHERMAN, J. The facts in this case cannot be differentiated from those which were proven in *Fischer* v. *Fischer* (254 N. Y. 463); indeed, they are strikingly similar, almost to the point of identity.

Plaintiff in this suit for a separation was met by defendant's denial that a valid marriage with defendant existed. She had been married to one Oppenheimer in the city of New York and resided with him in that city for many years. In February, 1916, plaintiff went to Nevada and obtained a divorce in the courts of that State from Oppenheimer upon grounds which were insufficient to accord her that relief in this State.

Oppenheimer was not served with process in the State of Nevada nor did he appear in that action. While it is true that plaintiff has testified that she stopped off in Nevada on a trip to California, at which time she formed the intent of residing permanently in the State of Nevada, nevertheless in an affidavit filed in this action she had averred that defendant was the one who had sent her to Reno " to obtain the divorce."

After remaining in Reno about six months, she filed her complaint in the Nevada court. The divorce laws of Nevada required a six months' residence before an action for divorce could be instituted. About a month after entry of the final decree in her favor, she returned to this State with her children and lived with her mother. She has never returned to the State of Nevada. Shortly after

coming back to this State she instituted a proceeding in the City Magistrates' Court, charging Oppenheimer with non-support of their two children, and then swore that she resided within this State.

Under these circumstances, it is clear that her sojourn in the State of Nevada had been solely for the purpose of obtaining the divorce.

Several months after that decree had been entered in Nevada, she married defendant in the State of Indiana and has since resided with defendant in the State of New York, except for the period of defendant's service in the army during the World War.

This suit for separation was commenced in January, 1931, and the Special Term has held that the marriage between plaintiff and Oppenheimer was legally dissolved and that the marriage ceremony between plaintiff and defendant was consequently valid.

The proof shows that Oppenheimer is still living and accordingly, if the Nevada decree be void, plaintiff's later marriage to defendant is a nullity, for she was then incapable of contracting that marriage.

The invalidity of the Nevada decree is not open to doubt in this State and the marriage which she asserts as existing between herself and defendant may not be recognized under the law and public policy adopted in this State.

A decree of that court purporting to dissolve the marriage of persons who had married and were throughout domiciled within this State is ineffective. (*Fischer* v. *Fischer, supra; Kaiser* v. *Kaiser*, 192 App. Div. 400; affd., 233 N. Y. 524.)

While the conduct of defendant in entering this plea is to be regarded as thoroughly reprehensible, nevertheless the declared public policy of this State requires that the court may not grant potency to the decree of the Nevada court, which was without jurisdiction over the parties, and thereby put the stamp of its approval upon the resort by individuals domiciled in this State to a foreign forum, there to destroy a status which must be governed by the laws of their domicile.

Accordingly, the judgment appealed from must be reversed and the complaint dismissed, and new findings made in accordance with the views above expressed.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and complaint dismissed. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.