Louise K. Nathan, Plaintiff, *v.* Milton M. Nathan, Defendant.

Supreme Court, New York County, December 16, 1933.

*Alexander Slater*, for the plaintiff.

*Karelsen & Karelsen* for the defendant.

Levy, J.   This motion is made by defendant to dismiss the complaint on the ground of legal insufficiency.   Strictly speaking, the ground is that plaintiff has no standing to bring an action for separation on the ground of cruelty because a prior decree of divorce has been granted her in an action in the State of Arkansas against this very defendant.   Ordinarily, the facts forming the basis of a defense of *res adjudicata* would be pleaded in the answer.   Here, the prior divorce is not only pleaded by the plaintiff in anticipation of a possible defense, but facts are set forth which are rather full.   Sufficient basis for a decision, therefore, appears without the necessity of determining disputed facts.

Plaintiff's attempt to avoid the effect of the previous divorce in Arkansas is that she was coerced by her husband in submitting to the jurisdiction; that she was the victim of a conspiracy on the part of her husband who influenced her action with the intent of enabling him to marry another, and that the entire proceeding was collusive. Assuming, without deciding, that plaintiff has a grievance against her husband and that her proceeding to obtain a collusive divorce was dictated by him, her attempt is nevertheless a collateral attack upon a judgment obtained by her in another jurisdiction.

It is well settled, to be sure, that a judgment of divorce rendered in another State may be collaterally attacked here by showing want of jurisdiction or fraud.   But this rule is invoked for the protection of citizens of this State who have been imposed upon by a divorce

granted on the complaint of a spouse whose decree has been obtained by constructive process or by fraud. Thus, if the plaintiff were the defendant in the Arkansas action, and her husband had persuaded her to submit to the jurisdiction by fraud, there might well be grounds for attacking the validity of the foreign decree collaterally in an action in this State. She might, in some cases, even be permitted to bring an action here for divorce or separation, though she previously seemed to have submitted as defendant to the jurisdiction of the courts of the foreign State. It is, however, incongruous for a party who has obtained a foreign decree to impeach or to deny its validity. When the plaintiff obtained a divorce in the foreign State from the defendant, she obtained the full relief demanded. It may not be said to have been imposed upon her against her wishes.

In *Guggenheim* v. *Guggenheim* (201 N. Y. 602), the facts in which are reported in *Guggenheim* v. *Wahl* (203 N. Y. 390), plaintiff sought a divorce from her husband, notwithstanding the fact that more than ten years earlier she had obtained such a divorce in Illinois. She maintained that the Illinois decree was void for want of jurisdiction, and proceeded here against the defendant on the ground of adultery resulting from his second marriage. The court denied her application, saying that she had no standing in the courts of this State to attack the Illinois decree.

The law which bars the plaintiff from impeaching collaterally a judgment which she herself has procured in her own favor is thus summed up in *Starbuck* v. *Starbuck* (173 N. Y. 503, 508): " There are a number of cases in which the courts of this state have refused to recognize the validity of divorces obtained in other states upon grounds insufficient for that purpose in this state when the defendant resided here and was not personally served with process and did not appear in the action. (*Matter of Kimball*, 155 N. Y. 62; *Williams* v. *Williams*, 130 N. Y. 193; *de Meli* v. *de Meli*, 120 N. Y. 485; *Cross* v. *Cross*, 108 N. Y. 628; *O'Dea* v. *O'Dea*, 101 N. Y. 23.) But in none of these cases did the party procuring the decree seek a benefit by having it held invalid. A party cannot avail himself of a defense or of a right to recover by means of an invalid decree or judgment obtained by him; but, on the other hand, he may not be heard to impeach a decree or judgment which he himself has procured to be entered in his own favor."

In *Guggenheim* v. *Wahl* (*supra*, at p. 397) the court, after citing this case, together with *Kinnier* v. *Kinnier* (45 N. Y. 535); *Hunt* v. *Hunt*, (72 id. 217) and *Lynde* v. *Lynde* (162 id. 405), proceeds to say: " These cases, and others might be cited, establish the principle that when, as in this case, a court of general jurisdiction in another state has passed upon the jurisdictional facts and has assumed to

hear and to determine the issues, the complainant, who has invoked its jurisdiction, will not be heard here in a collateral attack upon its judgment. It may have decided erroneously; but that does not affect the validity of the decision. Therefore, the situation became this, that this defendant, when denied a standing in the courts of this state to attack the decree of the foreign court, was, in effect, remitted to what remedies were open to her in Illinois, under its laws and the procedure in its courts. She should not have attempted to nullify the foreign judgment here and she has now gone to the only forum, where she can be heard."

The high court has thus indicated that while plaintiff may not collaterally attack the Arkansas judgment here, she nevertheless is not without remedy. But she must obtain it, if found entitled to it on the merits, in the only forum where she may be heard — the courts of the State of Arkansas.

The motion to dismiss the complaint is granted.