" Dora Boone ", Petitioner, v. "Walter Boone", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, March 6, 1947.

---

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of section 52 of the New York City Domestic Relations Court Act (L. 1933, ch. 482).

*John T. Doles* for petitioner.

*Samuel J. Moskowitz* and *Richard L. Newman* for respondent.

SICHER, J.  In this proceeding for a support order respondent challenges the primary allegation that petitioner is his wife.

Concededly, the parties were the principals in a formal marriage ceremony, duly performed, on August 28, 1941, at Sumter, South Carolina, and to the official issuing the marriage license each party was represented as being single. But respondent now asserts that such purported marriage was void, for the reason that in truth he lacked the legal capacity to marry petitioner.

Every such ceremonial marriage is presumed to be valid; and on any party attacking it is cast a heavy burden of proof (*Matter of Callahan,* 262 N. Y. 524; *Matter of Salvin,* 106 Misc. 111, 112; cf. *Matter of Biersack,* 96 Misc. 161, affd. 179 App. Div. 916; *Matter of Masocco* v. *Schaaf,* 234 App. Div. 181). " It is not incumbent upon those asserting a marriage to prove that an earlier marriage was terminated by death, annulment or divorce.  The law is well settled that in the case of conflicting marriages of the same spouse this presumption of validity operates in favor of the second marriage and the burden of showing the first marriage is on the party asserting it.  Even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or death of the former spouse, so as to cast that burden of adducing evidence to the contrary on the party attacking the second marriage." (EDER, J., in *Kopit* v. *Zilberszmidt,* 35 N. Y. S. 2d 558, 566–567.)

" A presumption in favor of marriage can only be negatived by disproving every reasonable possibility. Proof of the solemnization of a ceremonial marriage between parties gives rise to a true presumption of its validity." (*Matter of Dugro,* 261 App. Div. 236, headnote.)

However, " The principle of the presumption in favor of the validity of a ceremonial marriage cannot be invoked in the face of an adequate factual demonstration to the contrary ". (*Matter of Shuff,* 151 Misc. 754, headnote; see *Anonymous* v. *Anonymous,* 174 Misc. 496.)

At the hearings in this court it was fully proved that on January 2, 1919, at X-ville, D. County, South Carolina, respondent had participated in a prior complete marriage ceremony with another woman (" Dorothy Morris ") who was living at the time of the aforementioned August 28, 1941, ceremony between petitioner and respondent and who was even produced as a witness in the instant proceeding; that such January 2, 1919, marriage was duly consummated; and that it has never been terminated by judgment of divorce, annulment or dissolution.

From the foregoing facts the inference of law necessarily follows that petitioner is not, and never was, the wife of respondent.

" A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless  *  *  *  " 1. Such former marriage has been annulled or has been dissolved for a cause other than the adultery of such person  *  *  *." (Domestic Relations Law, § 6.)

" Under the well-established rule in our State, any subsequent attempted marriage by a person at a time when his spouse is living, is void." (*Matter of Burdak,* 173 Misc. 839, 841, and cases cited.)

The relationship of the parties was in its inception meretricious; it was never duly formalized, resulted in no issue, and ended when petitioner's illness made her no longer physically attractive to respondent. Respondent's present position is ungenerous and contradictory. But there is here absent the essential estoppel factor, applied in *Krause* v. *Krause* (282 N. Y. 355), of a party's having previously invoked the affirmative aid of another court with assertions of the validity of the marriage later sought to be repudiated by such party in another court. And flagrantly active inconsistency other than such prior resort to a court of competent jurisdiction has frequently

been adjudged not to preclude pleading the invalidity of a void second marriage. (*Querze* v. *Querze,* 290 N. Y. 13; *Vose* v. *Vose,* 280 N. Y. 779; *Lefferts* v. *Lefferts,* 238 App. Div. 37, 38, affd. 263 N. Y. 131; *Risk* v. *Risk,* 169 Misc. 287; *Verbeck* v. *Verbeck,* 187 Misc. 750. See, also *Anonymous* v. *Anonymous,* 174 Misc. 496, *supra;* " *Sanders* " v. " *Sanders* ", 178 Misc. 720; *Anonymous* v. *Anonymous,* 174 Misc. 906.)

For the foregoing reasons the petition must be, and hereby is, dismissed, without prejudice, however, to whatever, if any, rights to which petitioner might be entitled in a plenary action in the Supreme Court of the State of New York (see *Loomis* v. *Loomis,* 288 N. Y. 222).

Notice shall be given pursuant to the subjoined direction.