**GEHM v. UNITED STATES et al.**

United States District Court
S. D. New York.

Feb. 7, 1949.

S. Arthur Glixon, of New York City, for plaintiff.

John F. X. McGohey, U. S. Atty. for Southern District of New York, of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

Percaccia & Schutte, of Brooklyn, N. Y. (Frank N. Percaccia, of Brooklyn, N. Y., of counsel), for impleaded defendant.

LEIBELL, District Judge.

This is an action under the National Service Life Insurance Act of 1940, Title 38 U.S.C.A. § 817, brought against the United States of America by the plaintiff, Anna Gehm, allegedly the widow of the insured, Edmund R. Gehm, as the designated beneficiary of a National Service Life Insurance policy. By an order dated January 14, 1949 Frieda Gehm and Serena Gehm, allegedly a surviving widow and the daughter of the deceased insured, were impleaded in the action as parties defendant.

The facts which gave rise to the conflicting claims to the proceeds of the insurance policy are as follows:

On August 2, 1924 Edmund R. Gehm married Frieda Roos in Miesenbach, Germany, in a civil and a ceremonial marriage. A child, Serena Gehm, was born of that marriage on May 10, 1925 at Miesenbach, Germany. In 1927 Edmund Gehm immigrated to the United States, leaving his wife and child in Germany. On December 14, 1943 he obtained an "Enoch Arden" interlocutory order of dissolution of his marriage to Frieda Roos Gehm in the Supreme Court of the State of New York, Bronx County. The order provided:

"Ordered that this order is interlocutory, but shall become the final order as of course three months after the entry and filing thereof, unless for sufficient cause the Court in the meantime shall have otherwise ordered. Upon this order becoming the final order, the said marriage shall be dissolved and it shall be lawful for the petitioner to marry again."

On January 27, 1944 Edmund R. Gehm married the plaintiff in a civil ceremony in New York. Thereafter they resided in New York State, and cohabited in New York State and in the State of New Jersey.

No further ceremony solemnizing this marriage was performed after January 27, 1944.

On February 7, 1944 Edmund R. Gehm was inducted into the Armed Forces of the United States and on February 9, 1944 applied for a National Service Life Insurance Policy. The policy No. N–15 602 790 was issued on March 11, 1944, effective as of February 9, 1944, in the amount of $10,000.00. His application designated Anna Gehm, described as the insured's wife, as principal beneficiary, and Paul Hirdt, Anna Gehm's son, described as the insured's stepson, as contingent beneficiary.

While the insured was in the Armed Forces and stationed at Fort Dix, New Jersey, he died, the policy of insurance being in full force and effect.

Section 6 of the Domestic Relations Law of the State of New York, McK. Consol. Laws, c. 14, provides that:

"A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either * * *

"3. Such former marriage has been dissolved pursuant to section seven-a of this chapter."

Section 7-a of the New York Domestic Relations Law provides in part as follows:

"Dissolution of marriage on ground of absence

"1. A party to a marriage may present to the supreme court a duly verified petition showing that the husband or wife of such party has absented himself or herself for five successive years then last past without being known to such party to be living during that time; that such party believes such husband or wife to be dead: and that a diligent search has been made to discover evidence showing that such husband or wife is living, and no such evidence has been found. * * * and if the court * * * after a hearing and proof taken, is satisfied of the truth of all the allegations contained in the petition, it may make an interlocutory order dissolving such marriage."

The marriage of the decedent to Frieda Gehm was not dissolved by the ren-

dition of the interlocutory order in December of 1943. He could not therefore legally marry Anna Gehm within the period of three months following the rendition of the interlocutory order. His marriage to her within five weeks of that time was invalid and void ab initio. The decedent, until the expiration of three months after the entry of the interlocutory order of dissolution, came within the terms of Sections 6 and 7-a of the Domestic Relations Law of New York, since he married Anna while his wife Frieda was living, and the Frieda marriage had not been dissolved pursuant to Section 7-a.

The effect of an interlocutory decree of divorce dissolving a marriage has been considered by the Courts of the State of New York. It has been held not to dissolve the marriage. In the Matter of Crandall, 196 N.Y. 127, 89 N.E. 578, 579, 134 Am.St.Rep. 830, 17 Ann.Cas. 874, the Court held:

" * * * the interlocutory judgment could not and did not even purport to dissolve the marriage relation between the parties to the action, but contemplated and provided for a final judgment which should accomplish that result."

The Court further held:

"We all know that there was a very definite purpose in postponing the entry of final judgment in divorce actions for three months after the entry of the so-called interlocutory judgment. It was not a mere matter of form. It was intended to leave the granting of this final judgment for that period under the consideration and within the power of the court, and thus to prevent those scandals of fraudulent and collusive judgments and of speedy and prearranged remarriages which had become too familiar to require further specification."

In Pettit v. Pettit, 105 App.Div. 312, 93 N.Y.S. 1001, the Court held that neither party could marry again during the interval between the entrance of an interlocutory and a final judgment of divorce. In Bamberger v. Bamberger, 1926, 128 Misc. 1, 217 N.Y.S. 675, where a second marriage was entered into two days after the entry

of an interlocutory judgment of divorce the Court held the second marriage to be void. In Karpuk v. Karpuk, 1941, 177 Misc. 729, 31 N.Y.S.2d 769, a marriage entered into before the entry of a final judgment of divorce was held void ab initio and could not be revitalized even by the entry of a nunc pro tunc order or judgment.

Anna Gehm therefore has no claim to the insurance benefits of the decedent's National Service Life Insurance policy, since she is not in a class or category of permissible beneficiaries. 38 U.S.C.A. § 802(g).

With respect to the first wife, Frieda Gehm, it appears that she likewise is without claim to the benefits of the policy. In order to claim the benefits of the policy it is necessary for her to show that she was the decedent's wife at the time of his death. The decedent had obtained an interlocutory order dissolving the marriage to Frieda Gehm in December of 1943. It is true that this did not dissolve the marriage relationship but the decree or order provided that it would become final at the expiration of three months. At the expiration of the three month period the interlocutory order of dissolution became final as a matter of course. It cannot be collaterally attacked in this proceeding. Arcuri v. Arcuri, 1934, 265 N.Y. 358, 193 N.E. 174. The German marriage to Frieda was thus dissolved and she ceased to be his wife March 14, 1944. The American marriage to Anna although void did not operate to nullify the effect of the dissolution and restore the first marriage.

A final question with respect to the validity of the marriage to Anna is whether it became valid after the expiration of three months, when the interlocutory decree became final. The rule in New York is that where a marriage has been performed while the spouse of one of the parties is living and the first marriage has not been dissolved, the second marriage is void and a subsequent dissolution or divorce of the first marriage does not operate to retroactively validate a prior marriage. Anonymous v. Anonymous, 1940, 174 Misc. 906, 22 N.Y.S.2d 598; McCullen v. McCul-

len, 162 App.Div. 599, 147 N.Y.S. 1069; Earle v. Earle, 141 App.Div. 611, 126 N.Y.S. 317. The marriage of the decedent to Anna Gehm was not validated by the fact that the interlocutory order of dissolution of the German marriage to Frieda became final after the American marriage to Anna was contracted.

■ It has been argued in favor of the validity of the second marriage, that there is a presumption of its validity in the law. Hatfield v. United States, 2 Cir., 1942, 127 F.2d 575. However, such presumption does not survive a factual demonstration to the contrary. Boone v. Boone, 1947, 189 Misc. 214, 70 N.Y.S.2d 619. The facts in this case clearly establish the invalidity of the insured's marriage to plaintiff, Anna Gehm.

Sec. 802(g) of Title 38 U.S.C.A. provides, in relation to National Service Life Insurance policies, that:

"(g) The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent (including person in loco parentis if designated as beneficiary by the insured), brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

Under this section Anna Gehm, the named beneficiary of decedent's policy, is not entitled to payment of the proceeds of the insurance since she was never the legal wife of the decedent. The decedent's designation of her as a beneficiary was ineffectual. Lincoln Bank & Trust Co. v. United States, D.C.Ky.1947, 71 F.Supp. 745.

Section 802(i) of Title 38 U.S.C.A. provides that:

"If no beneficiary is designated by the insured * * * the beneficiary shall be determined in accordance with the order specified in subsection (h) (3) of this section * * *."

Since the insured designated a beneficiary who was not within one of the classes of permitted beneficiaries his designation was ineffectual and the policy stood as if no beneficiary had been designated. The permitted beneficiary under Sec. 802(i) and Sec. 802(h) (3) would take by operation of law. Droney v. United States, D.C.D.C.1945, 59 F.Supp. 154.

Sec. 802(h) (3) of Title 38 U.S.C.A. provides for payment of the proceeds in accordance with the following order:

"(A) to the widow or widower of the insured if living;

"(B) if no widow or widower, to the child or children of the insured, if living, in equal shares; * * *."

■ Frieda Gehm ceased to be the insured's wife on March 14, 1944. Serena Gehm, one of the impleaded defendants, is the issue of decedent's legal marriage to Frieda, which was dissolved. As the legitimate child of the decedent, there being no widow surviving, Serena is the beneficiary entitled to take under the provisions of Sec. 802(h) (3) of Title 38 U.S.C.A.

Some argument has been made concerning the rights of Paul Hirdt, not a party to this action, who was allegedly the decedent's stepchild by virtue of the second marriage to Anna Gehm. The statute provided for payment to an insured's "child (including a stepchild * * * if designated as a beneficiary)". Subdivision (h) (3) of Sec. 802, where payments are made by operation of law, contains no similar provision with respect to stepchildren. The clear intent of the statute was that a stepchild was within the permitted class of beneficiaries, to take only if named as a beneficiary by the decedent. However the decedent's marriage to Anna Gehm, mother of Paul Hirdt, was void ab initio and the relationship of stepchild was never created. Such a relationship is created by a legal marriage and if the marriage is void the relationship

of stepchild is not created. Larsen v. Harris Structural Steel Co., 3rd Dept.1930, 230 App.Div. 280, 243 N.Y.S. 654.

I am filing herewith findings of fact and conclusions of law. Let judgment be entered in accordance with the conclusions of law.