VERA SCHMIDT, Petitioner, *v.* STEPHEN SCHMIDT, Respondent.

Domestic Relations Court of the City of New York, Family Court, Bronx County, June 8, 1949.

*Jesse G. Goldberg* for petitioner.

*Raymond Tese* for respondent.

PANKEN, J. This proceeding was commenced by a petition signed and sworn to by the petitioner on or about March 24, 1948. The petition alleges that she was married to the respondent in the city of Stamford in the State of Connecticut on the 22d day of March, 1947, and that a child was born, the issue of such marriage, some time in January, 1948. Subsequent to the filing of the petition and on or about the 8th day of June, 1948, Mr. Justice HUBERT T. DELANY of this court made an order, which order evidently was made pursuant to an agreement and consent of the parties herein. The order insofar as it is germane to this memorandum reads as follows: " Therefore respondent is hereby ordered and directed to pay into this Court on agreement by consent, the sum of $12.50 ".

The respondent at that time recognized the fact that he had entered into a valid marital relationship with the petitioner

here on the 22d of March, 1947, and assented to the validity of the marriage by consenting in an agreement to provide for the woman whom he had married on the 22d of March, 1947. The validity of a marriage is determined by law — the law of the locale where a marriage ceremony takes place. Observation is made with respect to that phase of the case to which the court has adverted, consenting to or assenting to the fact that there was a valid marriage between himself and the petitioner.

It appears from a paper submitted to the court this day, that on or about the 18th of March, 1949, Mr. Justice Koch of the Supreme Court of the State of New York, in the county of The Bronx, confirmed a finding by the Hon. John P. Cohalan, an Official Referee of the Supreme Court, which finding — reduced to simple language — is to the effect that the marriage entered into between the respondent herein and the petitioner herein, as already adverted to, in March, 1947, was void and of no effect; which in simpler English, is a finding that the marriage between the respondent and the petitioner was invalid.

The Domestic Relations Court of the City of New York had conferred upon it by statute jurisdiction in marital relations and the power thereunder to make an order requiring a spouse to provide for the support of his wife. The relationship of husband and wife must exist before this court can assume jurisdiction and make provision for the support of a dependent wife. Subdivision (1) of section 91 and subdivision (1) of section 92 of the Domestic Relations Court Act of the City of New York defines the jurisdiction and the power of this court in a situation such as is herein involved. The finding that there was no conventional relationship of husband and wife between the parties precludes this court from making an order for the support of the mother of the child though she had gone through a marriage ceremony with the respondent. That finding was made, as I gather, in a proceeding instituted by one Angelina Schmidt who claimed to be the wife of the respondent at the time he entered into the marital relationship by way of ceremony in the city of Stamford, in the State of Connecticut, in March, 1947.

That which is invalid cannot be validated by consent of the parties; if it is invalid in law it continues to be so regardless of how the parties desire to regard the situation. A finding by the Supreme Court of the State of New York through one of its justices is binding upon this court; it is *res judicata*.

A child born to a woman, fathered by a man after a ceremonial marriage between them is entitled to support from the father regardless of the validity or invalidity of the marriage. (N. Y. City Dom. Rel. Ct. Act, § 101.)

The facts in this case indicate, indeed they are not controverted, that a marriage ceremony has been gone through between the father and the mother of the child, and so the child is entitled to support from his father, the respondent herein.

I should hold that even though there was no marriage ceremony antedating or postdating the birth of the child, the child would nevertheless be entitled to support from his father. Man-made law is the product of natural law; in the light of human experience there is nothing stronger than natural law — and natural law requires him who gives life to continue to maintain that life. That is the law as I find it in this case, as in other situations, and I think it will be generally agreed that my assumptions are correct. Insofar as the woman is concerned, the petition for her support must be dismissed. The petition is amended so that she on behalf of her child asks that the father of the child support him. That is the decision. I do not see how the determination of the Supreme Court can be collaterally attacked. There may be some provision in the law which might give the petitioner the right to attack a decision of Justice KOCH collaterally. I do not know, and I am not passing upon it. The existing order is for both petitioner and child. It is now limited to the child only. It is unfortunate, but that is the fact and I am bound by it.

The petition is amended to read: " Vera Schmidt on behalf of Paul Schmidt ".