Callahan, J.
The plaintiff husband brought this action for annulment on ¡the ground that the defendant at the time of the marriage was the wife of another then living. The defendant counterclaimed for (1) a separation, and (2) money loaned. The trial court dismissed the husband’s suit for annulment and awarded a judgment of separation in favor of the defendant wife. The claim for money loaned, however, was decided in the husband’s favor.
The parties were married on August 19, 1941, in the city of New York. On July 2, 1941, an interlocutory decree of annulment had been entered in favor of the defendant wife against her former husband in an action to dissolve the marriage on the ground that she was under the age of legal consent at the time of the earlier marriage. (See Domestic Eelations Law, § 7.) On October 2, 1941, the interlocutory decree annulling the defendant’s marriage to her first husband became final.
The trial court in this case found that the plaintiff husband urged the defendant to marry him and represented to her that she was free to enter into marriage; that the marriage was contracted by the defendant in reliance on the plaintiff’s representations; that the plaintiff had full knowledge of the fact that the wife’s interlocutory decree in the annulment suit against her earlier spouse had not become final at the time of the marriage; and that the parties cohabited after the wife’s interlocutory judgment annulling her former marriage had become final. It was also found that the evidence established the plaintiff’s bad faith and inequitable conduct, and that he did not come into court with clean hands. The plaintiff was held to be estopped by reason of his conduct from questioning the validity of the marriage of the parties. The trial court also found that the evidence was sufficient to establish the plaintiff’s abandonment of the defendant wife.
*538 feié íhW 1' thítik1 tfilff tíAs1 ck'sdil BBtít'rtilleS Bffi^Bdetiti d'é'dMBií üí Villafana v. Villafana (275 App. Div. 810) Whe^B’ W$k® h'éld kU, U ¡ «A4 -A; -¿iU »>i Al¡ú'Al U¡tiXV AA í ai „A-4-U.ítiX día 'Ai^A'ntífjtaa 'íAWMOAWíkií-r^Ul by h'diyfdBd'ABurt’tha’t'thB‘doctrine of1 tileáfi "llHnds (áffd4 ’p, -. -ljr ^ - would® hp’ply 'tb^re^éíifiS Hílsbiatid1 iff tbff ífiiffátíóitiof ctiie ^VBStitit plaintiff from SoMainimg laojudgmpntAdbcíaringsitke.VñTillá'tjisiDf a marriage that wag .yoi.cl inter .section, of fhe DoBiesticJiela$hér ’^iSMjeyw4'!^éisfóff>dti(7l<íé§ynd::,n .kWh1, pré’cbtiinffhsthjili® itííf’a1 ‘¿’Hiticilp'íe of’laiy 'fhat.,BpyMtes*,ltp;S:defe’al‘. ri'^htWo ati'Afitiulnielit'ín,;(thiti’aBtioff1 f * <í,p* í‘“‘3l11 ,:f’’!í S S.fcíHU'O
Tf * a ’'T^i tracted when under the age of legal consefffWhs5’ itiBftily1 ‘"4-oidi able: 'and continued á (Domestic RBfátióií ti; 1 ib en ti barli„„ ,„.n_______0_ ___ ______..... iff áhtí does1 not’ dlfBffbfíe ^tilti'tirara atipli’éátxón ‘fffát^ h! ÍMlffíti¿e nW' 'A1?*bhW^sKOrtótiti TYfl’h'1 <n U'-Ks/ÍMtÍÑ1 'Wif fi’’ itríríf) templated a final' 'jtidgtiiéiítass ’ B&kéffiliáf t®¿ atibpfiiplitiH tlíe('ihnriuD 198» v. P'étUfpwS' SS'TB1! sf -i ••'' mu a i-^í ti ÍJ;yVÁ.a"A¥ :+U X ‘JiffUtXu *4A4 tí -vti Ú„MXÁÍ A&'X (See Matter of Crandall, 196 N. Y. 127, 130; Pettit v. Pettit, 105 App. Div. 312, and Gehm v. United States, 83 F. Supp. 1003)pffiffiétwákbtíd f <¡¡$ áffd -r>n A U A' Vr'o í *ivl4 -f xr’ Uxr1 1-iriAI-' AvUA Sr! U i UóÁi AiÁ A ri vAÚU A 'YViúAA'' locutory againtit ‘héi14fBrmeb 'hMb&^Ü’X' (McCullen v. McCullen, 162 App. Div. 599; Earle, 141 App. Div. 611)
(• Binbe Hblditi^ítlaat1 thé mffftiiti^’mfiy ffot* b©-knntillfed;fff''the hdiit/ofiyhB^fílaínfiff^t’^hffilr.thát'tlíy ¡Sta^é^s1 interest® eiti'‘ 'thé * ktktiii^ ^ Bf*1 the4 ‘^ántititi átid; |ffé! sB{MfííJ( Bf th’oS^ife' to ptevétit h’ef ‘fkcütihéctitiiiti^WpAbíno'blikríf ^Wé shotiíd ’ bé: !iib btickme::itiiipticutiiffú^’ifé'qúíí,'é1',hsi' ÍH fétiB'gffi^B, thB ri^hff’tif'fíié 'wit^, to!fá-J!décréd ¿f tiébhbhti'ón^WÉh(prbvlsíph*'ÍBí‘ stibpotti’whér'd, ás^íieré^tié' e^ttiblisHeti !áff hbatidoíímént'.hy' ttip huébktidi4» téU^ds’é (See Krause v. Krause, 282 N. Y. 355.)
On the defendant’s appeal from the'dismissal of ‘tier ‘cOtihterclaim for money loaned, the determination of the trial court *539 Wb'üldv'laÍiÓ’!Bfe''hfflrm,pÜ,Yi,';Tlii¿! phase) of11 tW case involved only ‘inyiaVof * Of" tiié'plgiííitifif:*!11 ’’9
";(Ifoffhfefijfég'Óiiigi’easoiisJdHe'jild^niérit; á^peaíédfford should Bd<íhffifhied'/lh áíf'ffe’p^'ts:,;v' ,l‘i r,! ,