**UNITED STATES v. LEARY et al.**

Civ. A. No. 1907–48.

United States District Court
District of Columbia.

May 3, 1950.

George Morris Fay, United States Attorney, D. Vance Swann, Attorney, Department of Justice, Peter C. Charuhas, Attorney, Department of Justice, Washington, D. C., for plaintiff.

Messitte & Kreeger (Jesse B. Messitte), Washington, D. C., for Jeannette Leary.

Shea, Greenman, Gardner & McConnaughey (Warner W. Gardner), Washington, D. C., for Mary D. Vezina.

CURRAN, District Judge.

This is an action in the nature of a bill of interpleader brought by the plaintiff, the United States of America, pursuant to Section 19 of the World War Veterans' Act of 1924, as amended, and Section 617 of the National Service Life Insurance Act of 1940, as amended, Sections 445 and 817, Title 38 U.S.C.A., against the defendants Jeannette Leary and Mary D. Vezina, who claim to have an interest in a certain policy of National Service Life Insurance issued by the plaintiff to Thomas J. Vezina, deceased.

Pursuant to the death of the insured, the insurance contract matured and the lawful beneficiary is entitled to receive insurance benefits under the terms of the insurance contract. The plaintiff is ready and willing to pay all sums of money due as insurance payments to the lawful beneficiary or beneficiaries of the insurance contract, but there is a dispute as to the person or persons entitled to receive the benefits thereunder, and by reason of the conflicting claims and interests of the defendants herein this suit was filed.

The essential facts are not in dispute. Thomas J. Vezina, hereinafter referred to

as the insured (Army Serial No. 32243997) entered the active service in the Army of the United States on March 2, 1942. While in such service he applied for and was granted a policy of National Service Life Insurance in the amount of $10,000, effective August 9, 1943. In his application he named Mrs. Mary D. Vezina, described as his wife, as principal beneficiary, and Jeannette Leary, described as his sister, as contingent beneficiary. He gave as his home address, 483 West End Avenue, New York City. The insured was killed in action in the European Theater of Operations January 30, 1944, when the policy of insurance was in full force and effect.

On March 2, 1942, the insured, at Fort Dix, New Jersey, executed W.D., A.G.O. Form 221, entitled "Report of Induction of Selective Service Man" in which he gave the name of Elvia Vezina, Brumley, Missouri, described as his wife, as the person eligible to be his beneficiary. In the same form he gave the name of Jeannette Leary, described as his sister, 290 Dwelly Street, Fall River, Massachusetts, as his nearest relative and person to be notified in case of emergency.

The insured entered into a marriage ceremony with Elvia Thornton at Lebanon, Missouri, on December 15, 1936. In December, 1937 he went to live with his sister, Jeannette Leary, in Fall River, Massachusetts. Thereafter he was employed in various hospitals in the city of New York and in the State of New Jersey. During periods of unemployment he would return to the home of his sister in Fall River, Massachusetts and on occasions he would return to the home of his wife, Elvia Vezina, in Missouri. He never lived with his wife in Missouri after March, 1940 and thereafter he continued his intermittent employment in hospitals in New York City and the nearby New Jersey area.

The insured entered into a marriage ceremony with Mary D. Repko at Charleston, South Carolina, on May 18, 1942. After his induction into the military service he was assigned from March 7, 1942 to May 5, 1942, to the Second Army Air Base at Savannah, Georgia, and from May 6, 1942 to June 3, 1942 to the Eighth Interior

Command at Charleston, South Carolina. On June 4, 1942 he shipped for England and thereafter all his assignments were in the European Theater.

In his application for family allotment, executed June 1, 1942, the insured stated that he was divorced from Elvia Vezina on June 12, 1941, in the Second District, Kansas City, Missouri. On September 14, 1948 William M. Anderson, Deputy Clerk of the Circuit Court of Jackson County, Missouri, executed a certificate, under seal, to the effect that he had examined the records of the said court from January 1, 1936 to January 1, 1945, and found no suit for divorce brought in that court by Thomas J. Vezina against Elvia Vezina, or vice versa, between the said dates.

Elvia Vezina of Carthage, Jasper County, Missouri, entered into a marriage ceremony with Clyde A. Yarbrough of Carthage, Jasper County, Missouri, on May 23, 1942.

On November 19, 1949, Maynard O. Witherell, Associate Attorney, Veterans Administration, certified that a search of the court records at the office of the Register of Probate for Bristol County, Massachusetts, at Taunton, revealed no record of any action instituted for divorce or legal separation, either by Thomas J. Vezina against Elvia Vezina, or vice versa. Jeannette Leary knows of no action instituted or decree entered pertaining to a divorce, separation or annulment between Thomas J. Vezina and Elvia Vezina. Mary D. Vezina knows of no action instituted or decree pertaining to a divorce, separation or annulment between Thomas J. Vezina and Elvia Vezina.

It is stipulated that the testimony of Elvia Vezina, now known as Mrs. Clyde A. Yarbrough, appearing in her deposition now of record in this court, may be accepted as true. In her deposition Mrs. Yarbrough testified that she never received a copy of a summons, complaint or any other paper pertaining to a divorce or separation proceeding by Thomas J. Vezina against her, nor did she ever receive a copy of any decree or order divorcing her from Thomas J. Vezina; that she received information that Thomas J. Vezina was

dead and believing that, she married Clyde A. Yarbrough.

The August 1, 1946 Amendment to Section 802, Title 38 U.S.C.A. provides: "(g) The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or benficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946."

The question to be determined here is, was Mary D. Vezina the legal wife of Thomas J. Vezina on January 30, 1944, the date of his death. The determination of this question will decide who is entitled to the proceeds of the National Service Life Insurance contract in question, for prior to August 1, 1946 an insured had the right to designate the beneficiary or beneficiaries of his insurance but only within the classes provided in the aforementioned Section 802, Title 38 U.S.C.A. It follows, therefore, that if Mary D. Vezina was the legal wife of the insured at the time of his death, she is entitled to the proceeds of the policy because she is the one named as principal beneficiary.

■ The validity of the second marriage will be determined by the laws of South Carolina. The 1942 Code of Laws of South Carolina, Vol. 4, Sec. 8568 provides as follows: "All marriages contracted while either of the parties has a former wife or husband living shall be void; provided, that this section shall not extend to a person whose husband or wife shall be absent for the space of seven years, the one not knowing the other to be living during that time; nor to any person who shall be divorced, or whose first marriage shall be declared void by the sentence of a competent court."

In this case the insured never lived with his wife in Missouri after March, 1940 and entered into a marriage ceremony with Mary D. Repko at Charleston, South Carolina on May 18, 1942, and no record of a divorce or decree of annulment of the first marriage has been found. He, therefore, does not come within the exception in Sec. 8568, supra.

Where a soldier was divorced by interlocutory order but entered into an attempted marriage before the order became final and designated his purported wife as beneficiary under a National Service Life Insurance policy, the marriage was initially void and the second wife was not entitled to take under the policy upon the soldier's death since she was not in a class of permissible beneficiaries. Gehm v. United States, D.C.N.Y. 1949, 83 F.Supp. 1003.

Where the insured obtained a divorce on March 29, 1944 and the decree provided that the divorce would not be absolute for a period of six months, the alleged common law marriage on April 1, 1944 between the insured and the plaintiff who claimed as beneficiary of a National Service Life Insurance policy was void. Branch v. United States, D.C.Okl., 1949, 83 F.Supp. 641.

■ It may be argued in favor of the validity of the second marriage that there is a presumption of its validity in the law. Hatfield v. United States, 2 Cir., 1942, 127 F.2d 575. However, such presumption does not survive a factual demonstration to the contrary. Boone v. Boone, 1947, 189 Misc. 214, 70 N.Y.S.2d 619. Gehm v. United States, supra.

■ Here the defendant entered into a marriage ceremony with Elvia Thornton on December 15, 1936; entered into another marriage ceremony with Mary D. Repko on May 18, 1942, after having given the name of Elvia Vezina as his wife and the person eligible to be his beneficiary on March 2, 1942 when he was inducted into the Army; and on June 1, 1942 stated that he was divorced from Elvia Vezina on June 12, 1941 in Kansas City, Missouri. No evidence has been presented to this

court showing a divorce or an annulment between the insured and Elvia Thornton Vezina. On the contrary, the records of the Circuit Court of Jackson County, Missouri fail to disclose any divorce or annulment between these parties, and the records of the office of the Register of Probate for Bristol County, Massachusetts reveal no record of any action instituted for divorce or annulment between these parties, and the defendants themselves and Mrs. Clyde Yarbrough (Elvia Vezina) have no knowledge of a divorce or annulment between the insured and Elvia Vezina. It follows, therefore, that in the absence of any proof of a divorce or annulment between the insured and Elvia Thornton Vezina that the alleged marriage between the insured and Mary D. Vezina, named as the principal beneficiary, was void. This being so, the said beneficiary was not within the class having an insurable interest in the insured's life, and the proceeds of the policy are payable, not to her but to the insured's sister, Jeannette Leary, the contingent beneficiary. The findings of fact and conclusions of law having been found in this opinion, no formal findings will be necessary. Counsel for the plaintiff will prepare the appropriate order not inconsistent with this opinion.