" MARY PLATO ", Petitioner, *v.* " GEORGE PLATO ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, August 12, 1954.

---

* Names herein are fictitious for the purposes of publication.

*Adrian P. Burke, Corporation Counsel* (*Mathilda Miller* of counsel), for petitioner.

*Alfred E. Santangelo* for respondent.

HOROWITZ, J.   Petitioner in this proceeding seeks support from respondent for herself and two children, alleging that the parties were duly married and the children are issue of said marriage.

The facts as developed at the trial indicate that petitioner and respondent entered into a ceremonial marriage at Rye, New York, on November 5, 1935, respondent at that time representing in his application for a license that this was his first marriage.   The parties lived together until the early part of February, 1953, at which time they separated and have since lived apart.   Child No. 1 was born August 22, 1938, and child No. 2 was born September 24, 1953, after the separation of the parties.   Respondent admits that he is the father of child No. 1 but questions the paternity of child No. 2.

It appears that respondent when a young man in the thirties, was for a time a professional boxer and for that purpose assumed a name other than his true name.   On June 4, 1931, under that assumed name, he entered into a marriage with a woman whom we will identify as Catharine in this opinion.   At the time of his ceremonial marriage to petitioner, Catharine was and is still living.   Subsequent to the ceremonial marriage of petitioner and respondent, in June, 1936, Catharine obtained a divorce from respondent in the Supreme Court, New York County.   Respondent since that divorce has entered into a third matrimonial venture in the State of New Jersey.

I find as a matter of law that the ceremonial marriage between petitioner and respondent is absolutely void, for the reason that respondent at the time of such marriage had a wife by a former marriage who was living.   (Domestic Relations Law, § 6.)

The basis for an order of this court for support of petitioner by respondent must be a legal obligation and the relationship of husband and wife must exist.   It does not exist here and an order requiring respondent to support petitioner would be a nullity.   (*Kroner* v. *Kroner,* 23 N. Y. S. 2d 670.)   Even though as in this case, respondent represented that his marriage to petitioner was his first, their marriage is void nevertheless and this court is without jurisdiction to make a support order for petitioner.   (*Anonymous* v. *Anonymous,* 174 Misc. 496; *Boone* v. *Boone,* 189 Misc. 214.)

But what of the children? Respondent denies paternity of the No. 2 child. A blood-grouping test to which respondent submitted does not exclude respondent as a possible father of the No. 2 child. The testimony of the parties indicates that the opportunity for accessibility was present and existed throughout the entire period that petitioner and respondent lived together and before respondent left their home in February, 1953. Respondent has failed to overcome the presumption of legitimacy attaching to the birth of the No. 2 child.

Both parties admit the ceremonial marriage.

Subdivision 6 of section 101 of the Domestic Relations Court Act of the City of New York provides as follows: " A child born of parents who at any time prior or subsequent to the birth of said child shall have entered into a ceremonial marriage shall be deemed the legitimate child of both parents for all purposes of this act regardless of the validity of such marriage."

" For all purposes of this act " embraces the obligation for the support of child No. 1 and child No. 2. Respondent cannot escape that obligation. (*Andrews* v. *Andrews,* 185 Misc. 970; *Schmidt* v. *Schmidt,* 195 Misc. 366; *Gilpin* v. *Gilpin,* 197 Misc. 319.)

Respondent is ordered to pay $20 per week, beginning August 17, 1954, for the maintenance and support of child No. 1 and child No. 2.