Isidob Wassebvogel, Spec. Ref.
Plaintiff seeks an annulment on the ground that defendant had no legal capacity to marry him in May, 1956, because of her former marriage to one George E. Lambdon, which was and still is in force and effect.
In support of his contention, plaintiff alleges that defendant obtained an invalid North Carolina divorce from Lambdon in September, 1955, inasmuch as defendant had no bona fide residence in that State. Defendant, in her answer, asserts the validity of her divorce from Lambdon and the voluntary cohabitation of plaintiff and defendant, as husband and wife, with the purported knowledge by plaintiff of all the facts concerning his wife’s prior marital status. In addition thereto, upon the trial of this action and pursuant to notice, defendant amended her answer so as to plead a separate defense, which, in effect, alleges that Lambdon, her previous husband, had a wife living and undivorced at the time of his marriage to defendant on September 19, 1950. Thus, it is defendant’s contention that her subsequent marriage to Lambdon was void ab initio and, therefore, regardless of the validity of her North Carolina divorce from him, she was legally unmarried and competent to marry plaintiff in 1956.
It is to be noted that Lambdon is not a party to this action, nor does this court have jurisdiction, in rem or in personam, of Lambdon, his former wife, one Sylvia Etta Brown, their mar *1049 riage to each other or their divorce. The record shows that Lambdon and Brown were married in Leonia, New Jersey, in 1936, and that they were divorced in Winston-Salem, North Carolina, two days prior to Lambdon’s marriage to defendant in September, 1950. The marriage and divorce between Lambdon and Brown is not here in issue, nor has it otherwise been litigated before this court. It is elementary that the validity of such marriage must be governed by the laws of the locale where the marriage ceremony took place, to wit, New Jersey. As a matter of law, a marriage which is valid where it is performed, in the absence of a contrary public policy in the State of New York, is valid here, although it may not be valid if so performed in this State (Fernandes v. Fernandes, 275 App. Div. 777; Schmidt v. Schmidt, 195 Misc. 366, 367; Grossman on New York Law of Domestic Relations [1957 Supp.], § 68-a).
In any event, since Lambdon and Brown are not now before this court, and since it is apparent that neither of them is concerned with their marital status, and particularly inasmuch as all their marital proceedings took place while both of them were nonresidents of the State of New York, this court has no jurisdiction, nor can it collaterally assume jurisdiction of their marriage or divorce. The presumption of the validity of a marriage and subsequent divorce in a foreign State of persons not parties to this action is binding on this court (see Anonymous v. Anonymous, 174 Misc. 906, 909). Moreover, the record is barren of any proof that Sylvia Etta Brown was not actually domiciled in North Carolina, nor is there any proof that she did not otherwise voluntarily submit to its jurisdiction. This court, therefore, must accept the validity of the jurisdiction of the State of North Carolina and its decree cannot be attacked collaterally here by a stranger to the divorce action (Guggenheim v. Wahl, 203 N. Y. 390). It is doubtful whether either Lambdon or Brown can attack the divorce decree which Lambdon obtained in North Carolina. Therefore, when a collateral attack on a foreign decree is barred to the parties involved, it may not be availed of by defendant herein (Johnson v. Muelberger, 340 U. S. 581; Widera v. Widera, 113 N. Y. S. 2d 127). Furthermore, Avhen defendant married Lambdon, with full knowledge of the circumstances surrounding his North Carolina divorce decree, she, in effect, assumed the validity of the jurisdiction of the foreign court and may not now seek an advantage by attacking such decree collaterally (Matter of Pratt, 233 App. Div. 200; Borenstein v. Borenstein, 151 Misc. 160; Shea v. Shea, 270 App. Div. 527; Holloway v. Holloway, 187 Misc. 388; Henricks v. Henricks, 301 N. Y. 626).
*1050 I hold, therefore, that defendant may not seek the aid of this court in thus attacking the validity of a divorce granted by a sister State to nonresidents of New York who are not parties to this action, where such nonresidents apparently submitted themselves to the jurisdiction of the foreign court and may not themselves collaterally attack the decree thereby obtained.
Defendant also argues that her marriage to plaintiff is valid because, under section 6 of the Domestic Relations Law of this State, her prior marriage to Lambdon was void and she, therefore, had legal capacity to marry plaintiff. The basis for defendant ’s claim that Lambdon’s divorce from Brown was invalid is that he was not a bona fide resident of North Carolina at the time he obtained his divorce decree. Under section 6, a subsequent remarriage by Lambdon after an invalid divorce decree would be void. However, defendant’s argument is not tenable under the circumstances here involved. The public policy of the State of New York is not here in issue. As above noted, defendant and Lambdon both resided in New Jersey at the time of Lambdon’s divorce from Brown. Thereafter, this defendant, with knowledge that the validity of Lambdon’s divorce might be questionable, voluntarily went to North Carolina and there married him. Thus, neither defendant nor Lambdon were then residents of the State of New York or controlled by its laws or public policy. Insofar as their relationship to each other is concerned, the laws of New Jersey, their domicile, and the laws of North Carolina, the site of the marriage ceremony, must govern. In the opinion of the court, section 6 of the Domestic Relations Law cannot now be applied to Lambdon by this defendant in their prior personal marital relationship. In effect, full faith and credit must be given to the proceedings and laws of New Jersey and North Carolina. Contrary to defendant’s contention, the public policy of our State is not flouted thereby. Neither defendant nor Lambdon, at the time of their marriage, or at the time of Lambdon’s divorce from Brown, left New York to circumvent our laws or perpetrate a fraud upon this State. Our marital statutes only govern and control the citizens of this State and those married here, and .cannot, by subsequent judicial determination, have any other belated extra-territorial effect. Consequently, defendant’s contention, as set forth in her pleaded additional defense, is wholly without merit, as a matter of law.
The record establishes that plaintiff has proved by a preponderance of the credible testimony and documentary evidence that defendant was a bona fide resident of and domiciled in the State of New York continuously since 1954. It is conceded *1051 by counsel that the minimum period of continuous residence in the State of North Carolina to acquire jurisdiction for a divorce is six months. Nothing in the record warrants the conclusion that defendant was more than a casual visitor in North Carolina or that she remained there continuously for the required statutory period. At best, the proof shows that she merely visited North Carolina because of the illness of her father, and almost immediately upon his death, returned to New York. At all times that she claims to have resided in North Carolina, the credible evidence establishes that she continued to maintain her home in New York, registered here as a licensed automobile operator, and voted in local village elections in this State. Likewise, she maintained a going business in New York until late in 1955, and was a patient in a Westchester County hospital during parts of the years 1954 and 1955. Thus, it is obvious that defendant never had an intention to create a new domicile in North Carolina, nor did she ever do so, as a matter of law. It necessarily follows that her action in obtaining a divorce decree in North Carolina from Lambdon was a fraud, not only on the State of North Carolina, but on the State of New York. Defendant may not now seek the aid of this court to countermand her fraud with the one she alleges Lambdon committed (Senor v. Senor, 272 App. Div. 306, 312, affd. 297 N. Y. 800).
Upon the evidence before me, I hold that the divorce decree obtained by defendant in North Carolina is null and void, of no force and effect in this State, and, therefore, did not enable defendant subsequently to marry plaintiff (Bell v. Bell, 181 U. S. 175; Schneider v. Schneider, 281 App. Div. 250; Senor v. Senor, supra, p. 311).
Judgment, accordingly, is rendered in favor of plaintiff annulling the marriage between the parties on the ground that defendant did not have legal capacity to enter into such marriage. Inasmuch as such marriage is void, the decree to be entered herein may be final in the first instance, rather than interlocutory (Civ. Prac. Act, § 1176).
Submit decree at or before noon, December 18, 1957, on two days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.